UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL EVAN PRICE,<br>    Plaintiff,<br>v.<br>KENNETH THOMAS,<br>    Defendant. | Case No. 21-cv-06370-DMR<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br>Re: Dkt. No. 7 |

Pro se Plaintiff Neal Evan Price aka Ramil Amyr filed a complaint against Defendant Kenneth Thomas for defamation, libel, and slander stemming from statements Thomas made about Price on Thomas's YouTube channel on August 15, 2021. [Docket No. 1.] Price now moves for leave to serve Thomas by publication. [Docket No. 7.] This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons stated below, the motion is denied without prejudice.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." California law allows for service of a summons by publication "if upon affidavit it appears to the satisfaction of the court . . . that the party to be served cannot with reasonable diligence be served in another manner" of service, and "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The summons must be "published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served" and comply with the provisions of Government Code section 6064. *Id.*

§ 415.50(b)-(c).[1]  "Because of due process concerns, service by publication must be allowed 'only as a last resort.'" *Duarte v. Freeland*, No. 05-cv-2780-EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)).  "If a defendant's address is ascertainable, a method of service superior to publication must be employed," such as mail or substitute service.  *Watts*, 10 Cal. 4th at 749 n.5; *see* Cal. Civ. Proc. Code § 415.10-.40.  The "reasonable diligence" requirement of section 415.50 "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749 n.5 (citation omitted).  "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Id.*  The determination of reasonable diligence is fact and case specific.  *Hernandez v. Srija, Inc.*, No. 19-1813-LB, 2019 WL 4417589, at *2 (N.D. Cal. Sept. 16, 2019); *see Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996) ("[T]he showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case." (citation omitted)).

The party seeking service by publication also must demonstrate that a cause of action exists against the party to be served.  Cal. Civ. Proc. Code § 415.50(a)(1).  "The plaintiff 'must offer independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant.'"  *Hernandez*, 2019 WL 4417589, at *2 (quoting *Cummings v. Brantley Hale*, No. 15-cv-4723-JCS, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)).  "The declaration must be signed by someone with personal knowledge of the essential facts."  *Id.*  "Under California law, service by publication is neither appropriate nor valid without such an affidavit."  *Cummings*, 2016 WL 4762208, at *3.

---

[1] "Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty-eighth day, including therein the first day."  Cal. Gov't Code § 6064.

## II. DISCUSSION

Price states that he has made "multiple attempts with different companies" to serve Thomas "at his last known addresses." Mot. ¶ 4. He attaches to his motion an email from an apparent process server stating that the server was told that "Thomas moved away from this home over 1 year and a half ago," as well as an affidavit of non-service that states, "Subject does not live at this address." [Docket Nos. 7-1, 7-2.] Neither document was authenticated in accordance with Civil Local Rule 7-5(a), which provides that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record," and that "evidentiary matters must be appropriately authenticated by an affidavit or declaration."

To the extent the attachments to the motion demonstrate Price's attempts to accomplish personal service to date, they do not demonstrate that he has conducted the "thorough, systematic investigation and inquiry" to warrant service by publication. *See Watts*, 10 Cal. 4th at 749 n.5. "The fact that a plaintiff has taken one or a few reasonable steps does not necessarily mean that 'all myriad . . . avenues' have been properly exhausted to warrant service by publication." *Duarte*, 2008 WL 683427, at *1 (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978) (ruling that "the single act of searching telephone directories" did not constitute reasonable diligence in attempting to locate defendant so as to justify service by publication)). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. These are likely sources of information, and consequently must be searched before resorting to service by publication." *Hernandez*, 2019 WL 4417589, at *2 (quoting *Kott*, 45 Cal. App. 4th at 1137 (citations omitted)).

In *Duarte*, the court determined that the plaintiff's multiple attempts at personal service "failed to show that he 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Duarte*, 2008 WL 683427 at *2-3 (quoting *Donel*, 87 Cal. App. 3d at 333). The plaintiff also conducted Internet searches and spoke with neighbors

3

at addresses they located, but all attempts to locate the defendants were unsuccessful. *Id.* at *2. The court ruled that the plaintiff did not establish, for example, that he searched in any local city or telephone directories; contacted the defendants' family, neighbors or last known employers and co-workers, or otherwise had shown that service could be accomplished by other means such as substitute service or service by mail. *Id.* at *2-3. The court observed that the plaintiff had not attempted service by mail, which "may have been fruitful as it may have resulted in obtaining a forwarding address," especially as the current residents at one defendant's former address only had lived there for six months. *Id.* at *3.

Price has not conducted a sufficiently diligent investigation into Thomas. The record appears to show only that Price's process servers made multiple attempts to serve Thomas at an unspecified address or addresses and were told that he does not live at the address or addresses where service was attempted. There is no evidence that Price attempted to serve Thomas by mail at any address, which could have prompted a forwarding address from the postal service, or by substitute service. There is also no evidence of any attempt to locate Thomas's whereabouts, such as "inquiry of [Thomas's] relatives, friends, and acquaintances, or of his employer," or looking up Thomas in the "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near [Thomas's] last known location," or in other relevant records. *Kott*, 45 Cal. App. 4th at 1137; *see Duarte*, 2008 WL 683427, at *2.

Price suggests that Thomas has evaded service, which favors service by publication. "[W]hen there is evidence that a defendant is evading service, courts are more willing to allow alternative methods such as service by publication." *Felix v. Anderson*, 14-cv-3809-JCS, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super. Ct.*, 195 Cal. App. 2d 779, 786 (1961)). "A person who deliberately conceals himself to evade service of process is scarcely in a position to complain overmuch of unfairness in substitutive methods" of service. *Miller*, 195 Cal. App. 2d at 786. Actual notice of the lawsuit "bolster[s] the case for service by publication" in the event of possible evasion of service. *Hernandez*, 2019 WL 4417589, at *3. Here, the only indication that Thomas is evading service is an apparent statement he made about Price's lawsuit on Thomas's YouTube channel, which Price contends demonstrates awareness of the lawsuit.

4

1  Mot. ¶¶ 2, 3.  Without more, this is insufficient to support the conclusion that Thomas is evading
2  service.
3      In sum, Price has not sufficiently shown the "thorough, systematic investigation and
4  inquiry" to warrant the "last resort" option of service by publication.  The court also notes that
5  Price has not filed the required affidavit establishing that he has a claim against Thomas.  *See* Cal.
6  Civ. Proc. Code § 415.50(a)(1); *Hernandez*, 2019 WL 4417589, at *3 (denying motion absent the
7  required affidavit while also questioning plaintiff's reasonable diligence to permit service by
8  publication); *Cummings*, 2016 WL 4762208, at *3 (finding reasonable diligence but denying
9  motion for failing to provide the required affidavit).

10  ### III.  CONCLUSION
11      For the foregoing reasons, Price's motion is denied without prejudice.  The court refers
12  Price to the section "Representing Yourself" on the Court's website, located at
13  https://cand.uscourts.gov/pro-se-litigants/, as well as the "Representing Yourself in Federal Court:
14  A Handbook for Pro Se Litigants," which is available for download at that link.  The court also
15  refers Price to the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an
16  appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

18  **IT IS SO ORDERED.**
19  Dated: November 29, 2021



Donna M. Ryu
United States Magistrate Judge